**Edward and Gilda BERGMAN, Appellants,**

v.

**The CITY OF ATLANTIC CITY, The Housing Authority and Urban Redevelopment Agency of the City of Atlantic City, New Jersey, and Resorts International, Inc., Appellees.**

No. 88–5128.

United States Court of Appeals, Third Circuit.

Argued July 26, 1988.

Decided Oct. 24, 1988.

Rehearing and Rehearing In Banc Denied Nov. 21, 1988.

Edward Bergman (argued), pro se.

Gerald A. Inglesby, Merchantville, N.J., for appellant.

Matthew H. Powals (argued), Atlantic City, N.J., for appellee City of Atlantic City.

William J. Bigham (argued), Sterns, Herbert, Weinroth & Petrino, P.A., Trenton, N.J., for appellee Resorts Intern., Inc.

Gerard W. Quinn (argued), Atlantic City, N.J., for appellee Housing Authority and Urban Redevelopment Agency of the City of Atlantic City, N.J.

Before HIGGINBOTHAM, BECKER and COWEN, Circuit Judges.

## OPINION OF THE COURT

COWEN, Circuit Judge.

Appellants Edward and Gilda Bergman seek reversal of the district court's order granting summary judgment in favor of defendants and denying the Bergmans' motion for leave to amend their complaint. The Bergmans are the plaintiffs in one of two actions consolidated for discovery and trial by the district court; the other action is still pending. At issue in both actions is the validity of amendments made to an Urban Renewal Plan ("the Plan") which regulates the development of an area in Atlantic City. Within that area is the Beachgate condominium complex; the Bergmans own one of the Beachgate units. At the heart of the Bergmans' claim is their assertion that the Plan was impermissibly amended without their written consent. A preliminary issue for this court, before we can adjudicate the merits of the Bergmans' appeal, is whether appellate jurisdiction exists despite the pendency of the consolidated action in the district court. Because we hold that it does not, we need not decide at this time whether the district court properly granted summary judgment and denied the Bergmans leave to amend their complaint.

### I.

In 1965, an 80-acre tract of land bordering the Atlantic City boardwalk ("the Tract") was declared an Urban Renewal

Area pursuant to 42 U.S.C. § 1452 (1976), and the Plan was adopted to regulate development of the Tract. The Plan was amended in 1973, and recorded in the Clerk's Office of Atlantic City. This amended version of the Plan was in effect in 1976 when the Bergmans purchased a condominium in the Beachgate complex, situated in the Tract governed by the Plan. The portion of the Plan at issue in this case is Paragraph F, which allows for amendment of the Plan

> upon compliance with the requirements of all applicable laws by the Housing Authority of the City of Atlantic City, with the approval of the Board of Commissioners of the City of Atlantic City, provided, however, that the amendment must be consented to in writing by the purchaser, lessee, their successor or assigns of any land in the project area, previously acquired or agreed to be acquired in accordance with the Urban Renewal Plan, whose interests therein are materially affected by such amendment.

App. at 68.

Shortly after the Bergmans purchased their condominium, the New Jersey Constitution was amended to allow for gambling casinos in Atlantic City. Some two years later, appellee Resorts International, Inc. ("Resorts") began construction of the first casino. On June 15, 1983, appellees the City of Atlantic City ("the City") and the Housing Authority and Urban Development Agency of the City of Atlantic City ("the Housing Authority") amended the Plan to allow for more and larger hotels along the boardwalk.[1] Neither the City nor the Housing Authority notified the Bergmans of the planned amendment, and the Bergmans never consented to it in writing.

On June 1, 1985, Edward Bergman wrote to the Housing Authority expressing his concern that the Plan not be changed without his knowledge. App. at 73. Over the course of the next few months, Bergman corresponded with the Housing Authority about the 1983 amendment to the Plan,

with Bergman objecting to the lack of notice and insisting upon the necessity of his consent. The Housing Authority took the position that his consent was not required. Not satisfied with the responses from the Housing Authority or, later, from the City, Bergman initiated the current lawsuit.

The Bergmans filed a six-count complaint in the district court on September 3, 1986, and amended it on November 14, 1986. The amended complaint sought to represent a class of similarly situated purchasers and owners of condominiums in the Beachgate complex. The complaint named the City and the Housing Authority as defendants and alleged an unconstitutional taking of property without due process in violation of the fifth and fourteenth amendments and 42 U.S.C. § 1983. Other counts alleged breach of contract, a violation of the New Jersey Constitution, and sought to prevent any further amendment of the Plan absent the Bergmans' consent. Count Six, which also named Resorts as a defendant, alleged a conspiracy to violate the Bergmans' rights under the Plan in violation of 42 U.S.C. § 1985.

On January 14, 1987, the section 1985 count was dismissed for failure to state a claim, thus effectively ending Resorts' participation in the Bergmans' action. Although the district court did not certify the dismissal order for appeal under Fed.R. Civ.P. 54(b), the Bergmans filed a notice of appeal to this court on February 9, 1987. That appeal was withdrawn five days later, and the dismissal is not challenged in the current appeal.

On February 24, 1987, the Association of Owners of the Courts at Beachgate (the condominium owners' association) filed suit in the New Jersey Superior Court of Atlantic County against Resorts, Showboat, Inc., the City, and the Housing Authority ("the *Beachgate* action"). The central issue in the *Beachgate* action, like that in *Bergman*, is whether the 1983 amendment to the Plan was valid absent the condominium owners' consent. The *Beachgate* action was removed to the district court on April

---

1. The Plan was amended in other ways as well, but it is the expanded hotel use which seems to

disturb the Bergmans the most. *See, e.g.,* App. at 92.

17, 1987. Upon removal, Resorts moved to consolidate the *Bergman* and *Beachgate* actions. The motion was unopposed, and on August 21, 1987, a magistrate ordered the two actions "consolidated for all purposes of discovery and trial...." App. at 102.

In the *Bergman* action, the Bergmans and the remaining defendants cross-moved for summary judgment. While the motions were pending, the district court asked the parties to prepare arguments solely on the section 1983 count, which was the only remaining count for which federal subject matter jurisdiction was alleged. In a "supplemental brief," the Bergmans argued that federal question jurisdiction existed not only pursuant to section 1983, but also pursuant to 42 U.S.C. § 1455(b), a section which deals with federally funded urban renewal projects.

■ On November 25, 1987, the district court granted the defendants' motion for summary judgment on Count I, and dismissed the pendent state claims without prejudice. The dismissal portion of the order has not been appealed. The Bergmans filed a motion under Fed.R.Civ.P. 59(e) on December 7, 1987, to vacate the summary judgment, to grant summary judgment for plaintiffs, and for leave to amend the complaint so as to allege jurisdiction pursuant to section 1455(b). The district court characterized the motion as untimely, but also denied it on the merits.[2] App. at 121–26. The Bergmans then filed a timely notice of appeal to this court.[3]

## II.

We will dismiss the Bergmans' appeal because the pendency of the *Beachgate* action, with which it has been consolidated "for all purposes of discovery and trial," makes the summary judgment order non-final for purposes of 28 U.S.C. § 1291, and because the district court has not certified the order for appeal pursuant to Fed.R. Civ.P. 54(b). The dismissal is without prejudice to any motion the Bergmans may file under Rule 54(b).

### A.

■ The precise issue before us is whether, where two separately filed actions have been consolidated "for all purposes of discovery and trial," a summary judgment in one action may be considered final and appealable while the second action remains pending in the district court. Only two cases decided by this court have any precedential value.

The first of these cases, *Jones v. Den Norske Amerikalinje A/S*, 451 F.2d 985 (3d Cir.1971), provides little guidance. The court's entire jurisdictional discussion in that case is as follows:

> The three appellees started separate actions, which were consolidated. The order of consolidation was not for all purposes but only for trial [of liability but not of damages], and a separate judgment was entered in favor of Jones. This being so, the judgment in favor of Jones probably is final and hence appealable under 28 U.S.C. § 1291 (1964).

**2.** This characterization was incorrect. Rule 59(e) requires filing within ten days of the predicate judgment. However, Rule 6 states that for any filing deadline of ten or fewer days, intervening holidays and weekends are not counted in calculating the deadline. While it is true that the Bergmans' motion was filed twelve calendar days after the district court's judgment order, four of those days fell on weekends, and an additional day fell on the Thanksgiving holiday. For purposes of the filing requirement of Rule 59(e), then, only seven days had passed since the district court's judgment order, and the motion was therefore timely. However, because the district court considered the merits of the motion, its characterization of the motion as untimely has no effect on this appeal.

**3.** In addition to the proceedings described above, on the day the Bergmans filed their Rule 59(e) motion, they also filed a new complaint in the district court. This complaint alleged essentially the same cause of action, but added a recitation of jurisdiction under 1455(b). The complaint was ostensibly signed by Herbert W. Salus, Jr., an attorney not admitted to practice in New Jersey. On April 28, 1988, the district court struck this complaint, dismissed the action, and imposed sanctions on Edward Bergman because it learned that he had forged Salus's signature on the complaint.

Even if this judgment is considered interlocutory, however, we have jurisdiction to consider this appeal under 28 U.S.C. § 1292(a)(3) (1964) since the consolidated cases were solely in admiralty.

*Id.* at 986–87 (citations omitted). As this discussion demonstrates, the finality of the judgment in Jones's action was not actually decided by the court (as shown by the use of "probably" in the opinion), nor was a determination of the issue necessary, as jurisdiction existed under section 1292(a)(3). Therefore, *Jones* is neither controlling nor particularly helpful in the current appeal.

More recently, this court decided *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434 (3d Cir.1977), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978). In *Bogosian*, we were faced with the issue whether an order granting summary judgment in one of two consolidated cases could be considered a "separate judicial unit" for purposes of Rule 54(b) certification. The cases had been consolidated for pre-trial purposes only. In concluding that the district court was empowered to certify the appeal under Rule 54(b), we reasoned:

> The factors which militate toward this view [of non-certifiability] are that both plaintiffs are represented by the same attorney, the suits are filed in the same forum, are before the same judge, and the complaints and the defendants are identical. On the other hand, the cases have not been consolidated for trial. It is therefore possible that the cases could be scheduled for trial at different times and be tried before different juries. The existence of this possibility strongly favors the construction that each civil action be regarded as a separate judicial

unit for Rule 54(b) purposes. By its terms the rule is applicable when multiple claims or multiple parties are presented "in an action." We hold, therefore, that, at least absent consolidation for all purposes of cases separately filed, each civil action is to be viewed as a separate unit.

*Id.*, 561 F.2d at 441.

While the issues of whether an order is certifiable under Rule 54(b), or appealable as a final order are not identical, we are convinced that they are sufficiently similar that *Bogosian* offers some guidance.[4]

■ The sole justification for a finding of certifiability in *Bogosian* was the fact that the two actions would not be tried together. By contrast, several of the "factors which militate[d] toward" finding non-certifiability are present in this case: "the suits are filed in the same forum, [and] are before the same judge." In addition, while the complaint and defendants are not identical, they are substantially similar. Both *Bergman* and *Beachgate* have as the central dispute the question of whether condominium owners within the Tract must consent to any revision of the Plan.[5] As to the identity of the parties, there are two points worth noting. First, the Association which is the plaintiff in the *Beachgate* action represents the same group as the class which the Bergmans purport to represent in their amended complaint; namely, owners of condominiums in the Beachgate complex. Second, although the one count naming Resorts as a defendant in *Bergman* has been dismissed, Re-

---

4. We would like to emphasize, however, that appealability and certifiability are distinct legal concepts. If we find an order to be final and appealable under 28 U.S.C. § 1291, we must assume jurisdiction over the case. Certification under Rule 54(b), on the other hand, is available, at the discretion of the district court to a litigant who wishes to appeal an order which is final as to the claim it resolves, but which, due to the presence of other outstanding claims in the case, is not yet appealable under § 1291.

5. Indeed, the Bergmans note that "the granting of the Housing Authority's motion for summary

judgment for the reasons given in [the district court's] opinion, effectively disposes of the *Beachgate* suit as well...." Appellants' Reply Brief at 4. The Bergmans seem to be saying that even if the order being appealed is not final, we should nevertheless decide their appeal because our decision will dispose of the remaining action in the district court. Of course, this is an incorrect interpretation of the finality requirement of § 1291, and ignores the fact that finality is a jurisdictional requirement, not a discretionary policy which can be waived by this Court in suitable cases.

sorts was a defendant to the *Bergman* as well as the *Beachgate* action.[6]

*Bogosian* also suggests that the relevant question in determining finality is whether the underlying actions were consolidated "for all purposes." 561 F.2d at 441. In the current appeal, the two separately filed actions were consolidated "for all purposes of discovery and trial." App. at 102. The Bergmans' briefs seem to suggest that this does not mean "for all purposes," but they do not identify the purposes for which the two actions were not consolidated. *See* Appellants' Letter Brief at 1–2. We can think of only two areas not covered by the district court's consolidation order. The first is for purposes of appeal; however, the district court does not have authority to consolidate actions for appeal. Second, the consolidation order may not cover pre- or post-trial motions; but since such motions would be decided by the trial judge, and since the same judge would have tried both consolidated actions, the order effectively —if not by its own terms—consolidates the actions for pre- and post-trial motions as well.[7] Thus we will treat the consolidation order as an order which consolidates two actions for all purposes. The district court's language seems to have been intended to emphasize the scope of the consolidation rather than to limit it.

The cases in this Circuit, then, do not mandate any result in this case. The dic-

tum in *Jones* is of little value because it did not announce a holding on the finality issue and because that issue need not have been decided in any case. On the other hand, while *Bogosian* speaks to certifiability, not finality, its reasoning strongly suggests that this court should not assume jurisdiction in the current appeal.

**B.**

Seven other courts of appeals have considered this issue. Of those seven, two have announced a bright-line rule that where two actions have been consolidated for trial, judgment in one is not appealable (absent Rule 54(b) certification) while the other is still pending. *See Trinity Broadcasting Corp. v. Eller*, 827 F.2d 673, 675 (10th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 2883, 101 L.Ed.2d 918 (1988); *Huene v. United States*, 743 F.2d 703, 704–05 (9th Cir.1984).[8] Two other courts have announced the exact opposite rule, stating that because actions maintain their separate identity despite consolidation, judgment in one is appealable despite the pendency of the consolidated case. *See Kraft, Inc. v. Local Union 327, Teamsters*, 683 F.2d 131, 133 (6th Cir.1982) (per curiam) (*citing Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 727–28, 77 L.Ed. 1331 (1933));[9] *In re Massachusetts Helicopter Airlines, Inc.*, 469 F.2d 439, 441–42 (1st Cir.1972) (same).

---

**6.** Resorts also appears as an appellee before us in this appeal. Its position as a defendant to the *Beachgate* action, which has been consolidated for "all purposes of discovery and trial" with the *Bergman* action, entitles it to the opportunity to be heard on the issues presented by this appeal, which directly affect its interests.

**7.** At oral argument, Bergman contended that a transcript of the Magistrate's opinion on the motion to consolidate would demonstrate that he sought to limit the Magistrate's consolidation order so that it did not cover a motion for summary judgment. We have since reviewed the transcript of the hearing in question, submitted by Bergman, and find that it does not support his argument.

Along with the transcript, Bergman also submitted to this Court an affidavit, in which he purports to describe statements made during an off-the-record discussion before the Magistrate. We will not consider this affidavit because it is not part of the record of this case, and treating Bergman's submission as a motion to supplement the record, we deny the motion.

**8.** The Court of Appeals for the D.C. Circuit has not decided this issue, but in deciding a similar one, it noted with approval the rule adopted by the Ninth and Tenth Circuits. *See Cable-vision Systems Development Co. v. Motion Picture Ass'n of America, Inc.*, 808 F.2d 133, 136 (D.C.Cir. 1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 2901, 101 L.Ed.2d 934 (1988).

**9.** *Johnson* predated the Federal Rules of Civil Procedure and did not involve any issue relating to the finality of a judgment as a predicate for appellate jurisdiction. The relevant language from Johnson stated:

Under the statute, 28 U.S.C. § 734, consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another. 289 U.S. at 496–97, 53 S.Ct. at 727–28 (footnote omitted).

We do not read this language as controlling the question of whether a district court order

Two courts have adopted a case-by-case approach; but the result in both courts has been to find a lack of appellate jurisdiction where, as here, the underlying cases were consolidated for all purposes of discovery and trial. *See Ivanov–McPhee v. Washington Nat. Ins. Co.,* 719 F.2d 927, 928–30 (7th Cir.1983); *Ringwald v. Harris,* 675 F.2d 768, 771 (5th Cir.1982).[10]

Finally, one court has held that if a judgment in a consolidated case does not dispose of all claims which have been consolidated, a strong presumption exists that the judgment is not appealable absent Rule 54(b) certification. Only in "highly unusual cases" would this presumption be overcome. *Hageman v. City Investing Co.,* 851 F.2d 69, 70 (2d Cir.1988).[11]

We are convinced that the case-by-case approach is the most appropriate. We are also persuaded that in a case like the one presently before us, where two actions have been consolidated for discovery and trial or for all purposes, that an order concluding one of the consolidated cases should not be considered final and appealable.

### C.

Even if we were writing on a clean slate and were free to follow the practice in the Ninth and Tenth Circuits, it would be unwise to do so. That rule, which forbids separate appeals regardless of the scope of the consolidation order, could conceivably disallow the appeal of an action if it had earlier been consolidated only for very limited discovery purposes with an action still pending in the district court. Such a result disserves the parties before a court, and does little to promote judicial economy, for it is hardly an onerous task to look into the record of a case and find out the limitations (or lack thereof) listed in a consolidation order.

For the same reasons, we reject the practice recently adopted by the Second Circuit, which imposes a "strong presumption" against separate appeals that can only be overcome by "highly unusual cases." We can conceive of many cases, not all of them "highly unusual," in which justice would be best served and judicial economy not compromised if separate appeals were permitted.

On the other hand, the practice followed in the First and Sixth Circuits suffers several defects as well. First, to the extent that the practice is premised on the belief that it is required by the Supreme Court's decision in *Johnson v. Manhattan Railway*

disposing of one case consolidated with another (or others) under Fed.R.Civ.P. 42 is a final, appealable order, and therefore do not read *Johnson* to compel the rule adopted by the First and Sixth Circuits.

Moreover, there has been some indication that the Supreme Court itself does not give *Johnson* the effect attributed to it by the First and Sixth Circuits. *See Synar v. United States,* 626 F.Supp. 1374 (D.D.C.) (three-judge court), *aff'd sub nom. Bowsher v. Synar,* 478 U.S. 714, 106 S.Ct. 3181, 92 L.Ed.2d 583 (1986); *Sandwiches, Inc. v. Wendy's Internat., Inc.,* 822 F.2d 707, 709–10 (7th Cir.1987) (discussing relationship between *Johnson* and *Synar* ).

Finally, the application of *Johnson* adopted in the First and Sixth Circuits renders Rule 54(b) meaningless. No well-counseled plaintiff in those circuits would ever join separate claims in a single complaint; he should instead file a separate complaint for each claim and then have them consolidated. This procedure would have no effect on the proceedings in the district court, but would allow the plaintiff to appeal an adverse judgment on one claim even while the related consolidated claims were still pending in the district court. Such a result plainly violates the purpose of avoiding piecemeal appellate litigation intended by the finality requirement of § 1291 and Rule 54(b).

**10.** The Court of Appeals for the Eleventh Circuit also seems to favor a case-by-case approach. That court has rendered only one decision on this issue, in which it dismissed an appeal of one action because a consolidated action was still pending in the district court. Later, however, that decision was vacated by the same panel because it turned out that the pending action had been decided, and therefore the jurisdictional defect cured, prior to the filing of the opinion. *See Bank South Leasing, Inc. v. Williams,* 769 F.2d 1497, 1500–01 n. 1 (citing *Ringwald, supra* ), *vacated,* 778 F.2d 704, 705 (11th Cir.1985).

**11.** The Court of Appeals for the Second Circuit did not explain what would constitute a "highly unusual" case. It did not find the presumption overcome in *Hageman,* where the parties were the same, and the causes of action and defenses were based on the same events. *Hageman,* 851 F.2d at 70.

Co., *supra,* we follow the majority of courts of appeals and find that *Johnson* does not compel such a rule. *See* note 9, *supra.* Second, it is worth noting that no court has adopted this practice since 1982; rather, every court considering the issue since then has adopted a practice which would compel the conclusion that this court lacks jurisdiction over the current appeal. Third, and most importantly, the practice ignores the rule against piecemeal appeals for no good reason, and encourages an increase in the number of complaints. *Id.* If this court were to assert jurisdiction and decide the Bergmans' claim on the merits, it would almost certainly determine the rights of the parties in the *Beachgate* action still pending in the district court. Indeed, the Bergmans have acknowledged as much. *See* Appellants' Reply Brief at 4.

We therefore hold that where two or more actions are consolidated for all purposes of discovery and trial, a judgment in one of those actions is not appealable either until all of the consolidated actions have been resolved, or until the district court grants a motion for certification under Rule 54(b). To the extent that our adoption of the case-by-case approach will require individual examination of different types of consolidation orders in future cases, we do not announce any rule, but endorse consideration of the factors noted by the Court in *Bogosian.*

Finally, our holding is without prejudice to the Bergmans' ability to file a Rule 54(b) motion for certification. It is at this stage that the Supreme Court decision in *Johnson* does have some effect, for if the district court were powerless to certify the Bergmans' action for appeal solely because of the consolidation with the *Beachgate* action, the two actions would indeed have lost their separate identities, and the Bergmans' rights under the law would be diminished.[12] Thus, while *Johnson* does not require this court to hear an appeal of one of two consolidated actions absent certification under Rule 54(b), it does require that such certification be available to each party. We do not comment, however, on the advisibility of certification in this case, and leave that question in the first instance to the district court.

### III.

For the reasons stated above, we will dismiss the appeal for lack of a final appealable order. The dismissal will be without prejudice to any motion the Bergmans may file pursuant to Rule 54(b).

BECKER, Circuit Judge, concurring.

I agree with the majority's stated bright-line rule—where two actions have been consolidated for discovery and trial or for all purposes, an order concluding one of the consolidated cases should not be considered final and appealable. Viewing that rule as the majority's holding, I join in that holding and in the judgment. I write separately, because the majority announces a further rule that consolidated cases in general are subject to a case-by-case analysis. This case-by-case approach, which is dicta, is not compelled by the precedents in this Circuit and seems to me to deprive the first rule, which I think is correct, of precedential effect.[1]

---

**12.** Rule 54(b) provides in pertinent part that "[w]hen more than one claim for relief is presented in *an action,* ... the court may direct the entry of a final, judgment." (emphasis added) Arguably, the plain meaning of "an action" may not embrace the situation where two or more actions have been consolidated. We are convinced, however, that Rule 54(b) is properly applied in the consolidation context. Rule 54(b) declares a policy of permitting appeals of otherwise interlocutory orders in cases where the district court determines there is "no just reason for delay" and directs an entry of judgment. We can think of no reason why previously independent cases, consolidated by the court,

should not also be permitted to pursue this avenue of appeal.

**1.** In my view, it was also unnecessary for the majority to decide whether the Second Circuit's "highly unusual circumstances" rule in *Hageman v. City Investing Co.,* 851 F.2d 69, 70 (2d Cir.1988), is the appropriate rule, because this case does not present any highly unusual circumstances that would justify such a holding. I also would not, in the context of this case, address whether denial of the 54(b) certification motion would alter our holding.

There is no precedent in this Circuit that would compel the conclusion that all consolidated cases should be subject to a case-by-case analysis. Contrary to the majority, I believe that *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434 (3d Cir.1977), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978), militates against a holding that we can mandate a case-by-case approach. I do not think, as the majority does, that the "factors" mentioned in *Bogosian*, 561 F.2d at 441, were intended to be used as a comprehensive guide in every case for determination of how Rule 54(b) should be applied. Rather, they are merely the facts of that case, which the court stated might have indicated that the consolidated cases at issue there should have been treated as one action.

The overriding factor in *Bogosian* was that the consolidated actions were headed for separate trials. On the basis of that one characteristic, the court declared a bright-line rule. That is very different from mandating that every subsequent case weigh those factors in a case-by-case approach. Thus, we have a bright-line approach for cases not consolidated for trial (*Bogosian*) and a bright-line approach for cases consolidated for all purposes (this case). It would appear to me that only one situation involving consolidated cases and Rule 54(b) remains for which we must determine a rule: how Rule 54(b) is to be applied in cases consolidated only for trial.[2] With two out of the three possible situations involving consolidated cases and Rule 54(b) already decided, the majority's declaration of a case-by-case rule is anomalous. Thus, I believe the case-by-case dictum in this case confuses the existing jurisprudence in this area and potentially deprives the rules in this case and in *Bogosian* of their proper precedential weight.

---

**2.** *Jones v. Den Norske Amerikalinje A/S,* 451 F.2d 985, 986–87 (3d Cir.1971), indicates that where separate actions are consolidated only for trial, and judgment is entered in only one of the actions, appeal under 28 U.S.C. § 1291 is "probably" available. *Jones* does not address, however, the applicability of rule 54(b) in that context.