**TRANSAERO, INC., Plaintiff–Appellee,**

v.

**LA FUERZA AREA BOLIVIANA, an instrumentality of the Republic of Bolivia, a Foreign State, Defendant–Appellant.**

No. 1063, Docket 93–7903.

United States Court of Appeals, Second Circuit.

Argued Feb. 22, 1994.

Decided May 19, 1994.

Ronald N. Cobert, Washington, DC (Grove, Jaskiewicz and Cobert, Andrew M. Danas, of counsel), for plaintiff-appellee.

Gregory B. Craig, Washington, DC (Williams & Connolly, James W. Shannon, Jr., of counsel), for defendant-appellant.

Before: NEWMAN and VAN GRAAFEILAND, Circuit Judges, and LASKER, District Judge.*

LASKER, District Judge:

The Air Force of the Republic of Bolivia ("BAF") appeals from a decision of the United States District Court for the Eastern District of New York, Jacob Mishler, Judge, which denied its motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure from a default judgment entered against it on April 28, 1989.

 The appeal from the order denying Rule 60(b) relief brings up for review only the denial of the motion and not the merits of the underlying default judgment. *Branum v. Clark,* 927 F.2d 698, 704 (2d Cir.1991). The standard for review is abuse of discretion. *Id.* For the reasons discussed below, we conclude that there was no abuse, but we remand for the limited purpose of assessing the mathematical accuracy of the default award to Transaero, Inc.

## BACKGROUND

The action arises out of the alleged breach of a credit agreement between Transaero, a supplier of aircraft parts, and the Bolivian Air Force entered in May 1981. For a number of years before May 1981, Transaero had been selling aircraft parts to BAF, but had been experiencing delays in payment on outstanding invoices averaging six to twelve months. As a result, the present agreement was drafted to require BAF to pay 1.75% monthly interest (21% per year) on all purchases not paid within 120 days of shipment. By April 14, 1982, the Bolivian Air Force had accumulated an outstanding principal balance of $598,115.76.

On September 8, 1988, despite intervening payments by the Bolivian Air Force totalling $648,115.76, Transaero filed suit to collect $983,696.60 for outstanding principal and interest. The Bolivian Air Force failed to answer the complaint or to enter an appearance at a hearing scheduled by Judge Mishler for March 30, 1989 which resulted in an inquest on damages.[1] On April 28, 1989, the Clerk of the Court entered a default judgment for Transaero in the amount requested. On May 12, 1993, over four years later, BAF

---

* Hon. Morris E. Lasker, *Judge,* United States District Court for the Southern District of New York, sitting by designation.

1. It is BAF's position that it defaulted because it lacked proper notice of Transaero's complaint and of the hearing. Judge Mishler found to the contrary in his Opinion of April 21, 1989 directing entry of the default judgment and so did the late Judge Revercomb in a separate proceeding in the District Court of the District of Columbia. BAF's appeal of Judge Revercomb's Order of September 25, 1992 is now pending in the Circuit Court for the District of Columbia.

moved to set aside the default judgment under Rule 60(b). On August 12, 1993, Judge Mishler denied the motion.

## DISCUSSION

BAF's primary argument on appeal is based on the so-called saving clause of Rule 60(b) which provides that "[t]his rule does not limit the power of a court ... to set aside a judgment for fraud upon the court." BAF argues that there has been a fraud on the court in this case because Transaero's counsel allegedly submitted a fraudulent affidavit in support of the 1989 motion for entry of the default judgment and the district court relied on the false statements made there in granting the motion.

BAF also argues that the default judgment should be set aside under clause (4) of Rule 60(b) which provides that, within a reasonable time from the time of judgment, "[o]n motion and upon such terms as are just, the court may relieve a party ... from a judgment [where] the judgment is void." Fed. R.Civ.P. 60(b)(4). The basis for this claim is BAF's contention that the district court lacked subject matter jurisdiction to enter the default judgment because Transaero's claim was not first submitted to compulsory arbitration, which, BAF maintains, was required in this case by the Local Rules of the Eastern District of New York.

Finally, BAF argues that the default judgment should be set aside under the catch-all clause of Rule 60(b) which provides for relief for "any other reason justifying relief from the operation of the judgment." Fed. R.Civ.P. 60(b)(6). BAF claims that Rule 60(b)(6) relief is warranted because of the district court's alleged failure to comply with section 1608(e) of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602–11 (1994), which prohibits default judgments against foreign states unless the claimant establishes the right to relief by evidence satisfactory to the court and requires a copy of any default judgment to be sent to the foreign state. BAF also points out the disfavor with which courts view default judgments, especially those against foreign sovereigns. *First Fidelity Bank, N.A. v. Government of Antigua & Barbuda–Permanent Mission,* 877 F.2d 189, 196 (2d Cir.1989).

### *The Claim of Fraud on the Court.*

BAF points to a string of representations made by Transaero's counsel in his affidavit in support of the 1989 motion for entry of the default judgment which, BAF maintains, were fraudulent. BAF charges that the affidavit falsely labelled Transaero's claim as one for principal and interest, when it was really for interest only; sought compound interest in violation of New York law; claimed interest for a longer period, at a higher rate and on a greater amount than authorized by the credit agreement and New York law; and sought judgment on a breach of contract claim, even though it was time-barred.

Fraud on the court is "fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko,* 860 F.2d 556, 559 (2d Cir.1988). It involves "far more than an injury to an individual litigant" or "a case of a judgment obtained [simply] with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury." *Id.* (citations omitted) (alteration in original). The concept embraces "that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases presented for adjudication." *Kupferman v. Consolidated Research & Mfg. Corp.,* 459 F.2d 1072, 1078 (2d Cir.1972) (quoting 7 Moore's Federal Practice ¶ 60.33, at 515 (1971 ed.)).

The representations by plaintiff's counsel specified above did not constitute a fraud on the court. For example, Transaero had a good faith basis for believing that BAF had acknowledged Transaero's entitlement to compound interest because BAF failed to make timely objections to Transaero's invoices and had made partial payments on its debt in 1984 and 1986. Similarly, Transaero had a good faith basis for believing that its breach of contract claim was not time-barred when it filed suit in September 1988, since the limitations period was not obviously triggered until

BAF repudiated the payments Transaero claimed under the credit agreement in April 1987—well within the four year limitations period governing the sale of goods under the U.C.C. Finally, as discussed below in the section on BAF's claim under Rule 60(b)(4), there is no merit to BAF's claim that, because Transaero's claim was for interest only, the district court lacked jurisdiction to enter the default judgment.

Moreover, BAF has presented no evidence of bad faith or dishonesty by Transaero's counsel. Indeed, as the district court points out in its opinion below, all the documentary evidence on which BAF now bases its claim of fraud on the court was submitted to the district court itself by Transaero's counsel in connection with the very motion for entry of the default judgment. The up-front submission of this documentary evidence fundamentally undermines BAF's claim of fraud on the court. BAF's response to this point—that a busy district judge cannot be expected to sort through a disorganized record—is unpersuasive.

*The Rule 60(b)(4) Claim.*

■ The Local Rules of the Eastern District of New York, where the default judgment was entered, require the Clerk of the Court to "designate and process for compulsory arbitration all civil cases ... wherein money damages only are being sought in an amount not in excess of $100,000.00 exclusive of interest and costs." N.Y. Rules of Court, App. C § 3(A), at 797 (McKinney 1994). BAF argues that, since Transaero's claim is one for interest only, the claim ought to have been submitted to arbitration pursuant to the local rule. BAF maintains that, because the case was not arbitrated as allegedly required, the case was not ripe for review and the district court lacked subject matter jurisdiction to decide it. Hence, according to BAF, the judgment is void and should be set aside under Rule 60(b)(4) of the Federal Rules of Civil Procedure.

Invoices submitted by Transaero to the Bolivian Air Force show that Transaero applied the Air Force's last payment to the outstanding principal debt and that, apparently, from that time on, BAF owed interest only. In *Edwards v. Bates County,* 163 U.S. 269, 16 S.Ct. 967, 41 L.Ed. 155 (1896), the Supreme Court held that, for purposes of calculating the adequacy of the amount in controversy for diversity jurisdiction under a predecessor statute to 28 U.S.C. § 1332(a), the circuit court should have included the value of the matured interest coupons attached to the bonds issued by the defendant. The Supreme Court stated that "when the interest evidenced by a coupon has become due and payable the demand based upon the promise contained in such coupon is no longer a mere incident of the principal indebtedness represented by the bond, but becomes really a principal obligation." *Id.* at 272, 16 S.Ct. at 969.

It seems clear under *Edwards* that where, as here, interest is owed as part of an underlying contractual obligation, unpaid interest becomes part of the principal for jurisdictional purposes. We see no reason to treat such interest differently for purposes of determining the scope of compulsory arbitration under the Local Rules of the Eastern District of New York and conclude that arbitration was not required in this case.

*The Rule 60(b)(6) Claim.*

■ Clause (6) provides "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." 7 Moore's Federal Practice ¶ 60.27[2], at 295 (2d ed. 1993). In a proper case, it is to be "liberally applied." *Id.* at 273. Nevertheless, relief under Rule 60(b)(6) is available only in "extraordinary circumstances." *Ackermann v. United States,* 340 U.S. 193, 199, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950).

■ BAF argues that such circumstances exist in this case because of the district court's alleged failure to comply with the requirements of Section 1608(e) of the Foreign Sovereign Immunities Act which provides that:

No judgment by default shall be entered by a court of the United States or of a State against a foreign state ... or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or riactory to the court. A copy of any such default judgment shall be sent to

**462**

the foreign state or political subdivision in the manner prescribed for service in this section.

28 U.S.C. § 1608(e). BAF contends first that Transaero failed to "establish [its] claim or right to relief by evidence satisfactory to the court" and second that, despite the notice requirement of section 1608(e), it was not informed of the default judgment until almost three years after the judgment was entered.

The purpose of the evidentiary requirement of section 1608(e) is to assure that foreign sovereigns, who sometimes are slow to respond to legal action, are protected from unfounded claims. *See Marziliano v. Heckler*, 728 F.2d 151, 157–58 (2d Cir.1984) (attributing this rationale to the identical requirement for judgments against the United States under Fed.R.Civ.P. 55(e)). However, no such concerns exist in this case because Judge Mishler held an inquest on the question of damages, and his Order of April 21, 1989, directing entry of the default judgment, determined specifically that the complaint "state[d] a cause of action, based on breach of contract," the claim "f[ell] within the 'commercial activities' exception to the Foreign Sovereign Immunities Act" and was "supported by the proof submitted."

█ Nor, in the circumstances of this case, does the fact that BAF did not learn of the entry of the default judgment for several years constitute "extraordinary circumstances" justifying Rule 60(b)(6) relief. "Lack of notice [of a judgment] does not *ipso facto* mean that a judgment can or should be reopened" and "granting of such motions should be considered only where lack of notice has operated to prejudice a substantial right or remedy that would otherwise be available." *Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542–43 (2d Cir. 1963).

In the case at hand, the delay of notice of the default judgment did not "operate[ ] to prejudice a substantial right or remedy." It is true that, as a result of the passage of time since entry of the default judgment, BAF cannot now seek relief under subsections (1), (2) and (3) of Rule 60(b) because these provisions cannot be invoked more than one year

after entry of judgment. However, it is not true that, but for the notice delay, BAF could have asserted a timely claim under any one of these subsections.

The Affidavit of General Dardo Gomez Garcia states that "[p]rior to February 28, 1992, the Bolivian Air Force was not aware that ... a Default Judgment had been entered" against BAF and the implication is plain that, from that date forward, BAF was aware of the default judgment. However, BAF did not make its Rule 60(b) motion until over one year later in May 1993. Accordingly, even if BAF had received prompt notice of the default judgment, BAF's potential claims under subsections (1), (2) or (3) would still have been time barred because BAF sat on its hands for over a year.

█ Finally, relying on *First Fidelity Bank, N.A. v. Government of Antigua & Barbuda–Permanent Mission*, 877 F.2d 189, 196 (2d Cir.1989), BAF argues that the default judgment should be set aside under Rule 60(b)(6) because "default judgments are disfavored, especially those against foreign sovereigns." *Id.* at 196. It is true that the *First Fidelity Bank* court stated that "[c]ourts go to great lengths ... to permit [default] judgments against foreign sovereigns to be set aside." *Id.* But *First Fidelity Bank* was a distinctly different case than the one at hand. The issue in *First Fidelity Bank* was the extent to which the foreign sovereign defendant was bound by the actions of its ambassador to the United Nations and whether the district court had jurisdiction in the circumstances. This was a case which had "serious implications for the relationships between the United States and all foreign states that send duly accredited ambassadors to head their diplomatic missions in this country." *Id.* at 196–97 (Newman, J., dissenting). The case before us is fundamentally an ordinary contract dispute which has no such profound implications.

\* \* \*

Although we conclude that the district court properly denied BAF's Rule 60(b) application, there remain two questions raised by BAF as to the accuracy of the interest calculation on which the award to Transaero

was based, neither of which has been specifically answered by Transaero. First, BAF contends in its brief on appeal that interest cannot have accrued against it for 86 months—as Transaero claimed in the complaint—because a period of 86 months allegedly would have commenced before BAF made its first purchase from Transaero on June 22, 1981. Second, BAF presents evidence on this motion that Transaero's interest calculations were incorrect and ranged from 20.99% per year to 26.34% per year. (Barker Aff. ¶ 18). We remand for the limited purpose of assessing the factual accuracy of the two claims described above and, if necessary, recalculating the award to Transaero accordingly.

## CONCLUSION

The district court did not abuse its discretion in denying BAF''s application to set aside the default judgment under Rule 60(b) of the Federal Rules of Civil Procedure. We remand for the limited purpose of re-examining the mathematical accuracy of the award to Transaero. Transaero's application for damages, including attorneys' fees and costs on appeal, is denied.