21-886-cv
*Moskovits v. Bank of America, N.A.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> BARRINGTON D. PARKER,
> BETH ROBINSON,
> > *Circuit Judges.*

———————————————————————

ALEXANDER MOSKOVITS,

> *Plaintiff-Appellant,*

v.                                                                                      21-886

BANK OF AMERICA, N.A., SCHOEMAN UPDIKE KAUFMAN & GERBER LLP, BETH L. KAUFMAN, SILVIA S. LARIZZA, CALVIN B. GRIGSBY, ROGER J. BERNSTEIN, BARRY R. OSTRAGER, SUED INDIVIDUALLY AND AS A JUSTICE OF THE SUPREME COURT OF THE STATE OF NEW YORK, DOES 1 THROUGH 10,

> *Defendants-Appellees.*

———————————————————————

For Plaintiff-Appellant:                                              Alexander Moskovits, *pro se*,
                                                                                  Garopaba, Brazil.

| For Defendant-Appellee Bank of America, N.A.: | Patricia C. O'Prey, Schoeman Updike Kaufman & Gerber LLP, New York, New York. |
|---|---|
| For Defendants-Appellees Schoeman Updike Kaufman & Gerber LLP, Beth L. Kaufman, and Silvia S. Larizza: | Brett A. Scher, Kaufman, Dolowich & Voluck, LLP, Woodbury, New York. |
| For Defendant-Appellee Calvin B. Grigsby: | No appearance. |
| For Defendant-Appellee Roger J. Bernstein: | Roger J. Bernstein, *pro se*, New York, New York. |
| For Defendant-Appellee Barry R. Ostrager: | David Lawrence III, Assistant Solicitor General, Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, *for* Letitia James, Attorney General of the State of New York, New York, New York. |
| For Defendants-Appellees Does 1–10: | No appearance. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In December 2018, Plaintiff-Appellant Alexander Moskovits ("Moskovits"), a *pro se* litigant and resident of Brazil, filed suit in New York state court against Bank of America, N.A., the country of Brazil, three Brazilian states, two Brazilian nationals, and a United States resident named Calvin Grigsby, alleging unjust enrichment and breach of contract based on certain alleged business transactions. *Moskovits v. Grigsby*, 132 N.Y.S.3d 741 (Table), 2020 WL 6704176, at *1–2 (N.Y. Sup. Ct. Nov. 12, 2020). In November 2020, after removal of the case to federal court, Moskovits's voluntary dismissal of Brazil and the Brazilian states as defendants, and remand

to the state court, New York State Supreme Court Justice Barry Ostrager dismissed the action. *See id.* at *3–8; *see also Moskovits v. Grigsby*, No. 19-cv-3991, 2020 WL 3057754, at *1, *3 (S.D.N.Y. June 9, 2020). Before dismissing the suit, Justice Ostrager sealed past and future entries to the case to everyone except the court and the parties because of the "inflammatory and threatening nature of some of the filings by plaintiff."[1] Appellant's App'x A, C.

While his appeal of the state court decision was pending,[2] Moskovits filed the present case in district court against Bank of America and Grigsby, both of whom were defendants in the state court action; Schoeman Updike Kaufman & Gerber LLP, Beth L. Kaufman, and Silvia S. Larizza, counsel for Bank of America in the state court action; Roger J. Bernstein, counsel for Grigsby; Justice Ostrager individually and as a Justice of the New York Supreme Court; and "Does 1–10," including but not limited to the individuals constituting the "Court Administration" referenced in the state court sealing order (collectively, "Defendants-Appellees"). *See Moskovits v. Bank of America N.A.*, No. 20-cv-10537, 2021 WL 965237, at *1 (S.D.N.Y. Mar. 12, 2021); Amended

---

[1] The sealing order came after Moskovits requested "full disclosure" of transactions between Justice Ostrager and various entities and stated that he had "initiated a full investigation of this trial court and all of its extrajudicial affairs." Amended Compl. ¶ 19. Justice Ostrager asserts that Moskovits filed in state court a report that included, *inter alia*, his date of birth, present and former residential addresses, most of his Social Security number, contact information, and personal information about his relatives. Br. for Appellee Justice Barry R. Ostrager at 4. Moskovits argues that he requested "only facts that would present valid grounds for mandatory statutory recusal," Appellant's Br. at 10, and denies that he made threatening filings.

[2] Moskovits appealed from the sealing order in September 2020 and moved to stay the underlying state court proceedings pending review of the sealing order. Amended Compl. ¶ 21. The Appellate Division denied his motion for a stay in November 2020 after Justice Ostrager dismissed Moskovits's suit. *See Moskovits v. Grigsby*, 2020 N.Y. Slip Op. 74772, 2020 WL 6733586, at *1 (N.Y. App. Div. 1st Dep't Nov. 17, 2020). Moskovits appealed the state court decision. *See* Amended Compl. ¶ 28.

3

Compl. ¶¶ 8–15. His complaint arose from Defendants-Appellees' involvement in the sealing order and related proceedings, alleging (1) conspiracy to violate his First Amendment and Fourteenth Amendment rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, (2) deprivation of his right to a fair and public hearing under Article 10 of the United Nations Universal Declaration of Human Rights in violation of the Alien Tort Statute, 28 U.S.C. § 1350, and (3) "fraud on the court." *See* Amended Compl. ¶¶ 34–62. The district court *sua sponte* dismissed his original complaint and amended complaint, holding that Justice Ostrager and Does 1–10 were immune from suit and that Moskovits failed to state a claim for relief under sections 1983, 1985, and 1988 or pursuant to the Alien Tort Statute.[3] *See Moskovits*, 2021 WL 965237, at *2–3; *Moskovits v. Bank of America N.A.*, No. 20-cv-10537, 2021 WL 230193, at *4–7 (S.D.N.Y. Jan. 20, 2021). Moskovits appeals, and we now affirm. We otherwise assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference here only as necessary to explain our decision.

Moskovits appeals from both the January 2021 order dismissing his original complaint and the March 2021 order dismissing his amended complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).[4] Section 1915 requires courts to dismiss an "action or appeal" that "fails to state a claim on

---

[3] In dismissing the original complaint, the district court also held that the *Rooker-Feldman* doctrine barred Moskovits's claims. *See Moskovits*, 2021 WL 230193, at *3. Yet the order dismissing the amended complaint relies principally on judicial immunity and failure to state a claim as grounds for dismissal. *See Moskovits*, 2021 WL 965237, at *2 ("[T]he amended complaint is dismissed for failure to state a claim on which relief may be granted, and on immunity grounds.").

[4] Moskovits does not explicitly raise arguments in his briefs as to the district court's February 2021 order denying his motions for recusal and referral or the April 2021 order denying his motion for reconsideration. *See Moskovits v. Bank of America N.A.*, No. 20-cv-10537, 2021 WL 1299038, at *2 (S.D.N.Y. Apr. 5, 2021); *Moskovits v. Bank of America N.A.*, No. 20-cv-10537,

which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or "seeks monetary relief against a defendant who is immune from such relief," *id.* § 1915(e)(2)(B)(iii). Our review of such dismissals is *de novo*. *See Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018).

We affirm the district court's dismissal on the basis of judicial or quasi-judicial immunity and failure to state a claim, largely for the same reasons cited by the district court.[5] *See Moskovits*, 2021 WL 965237, at *2–3; *Moskovits*, 2021 WL 230193, at *4–7. We note that the district court did not explicitly address Moskovits's "fraud on the court" claim to the extent that the claim operated independently of Moskovits's other allegations. Nonetheless, we conclude that the district court properly dismissed the claim since the amended complaint fails to plausibly allege "fraud which does or attempts to[] defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 460 (2d Cir. 1994) (quoting *Kupferman v. Consol. Rsch. & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972), *as corrected* (May 12, 1972)); *see also Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988) (stating that "fraud on the court" claims must involve conduct that "seriously affects the integrity

---

2021 WL 467152, at *2 (S.D.N.Y. Feb. 7, 2021). Thus, he has waived any challenge to those decisions. *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (deeming waived an issue that *pro se* appellant failed to address in his brief).

[5] Moskovits argues that his claim under the Alien Tort Statute was premised on not only Article 10 of the Universal Declaration of Human Rights but also Article 19 of the Universal Declaration of Human Rights and other principles of international law. We do not consider this argument as it was raised for the first time on appeal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

of the normal process of adjudication"). We thus need not reach the parties' arguments as to the alternative grounds for the district court's decision, including the *Rooker-Feldman* doctrine and other abstention doctrines. *See In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 157 (2d Cir. 2015), *as amended* (Dec. 17, 2015) (noting that we may affirm for any reason supported by the record). In addition, while Moskovits argues that the district court lacked authority to dismiss his complaint pursuant to § 1915(e) because he did not proceed *in forma pauperis*, "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam).

We have considered Moskovits's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court. Furthermore, we **DENY** Moskovits's motions for reconsideration by a three-judge panel of the denial of motions: (1) to supplement the case record and (2) for "access to all docket entries" and **DENY AS MOOT** the parties' motions to supplement the case record and Bank of America's motion to seal.

<div style="padding-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

6