TRANSAERO, INC., Plaintiff–Appellee,

v.

LA FUERZA AEREA BOLIVIANA, an Instrumentality of the Republic of Bolivia, a Foreign State, Defendant–Appellant.

Docket No. 93–7903.

United States Court of Appeals, Second Circuit.

Submitted Sept. 28, 1994.

Decided Oct. 19, 1994.

Ronald N. Cobert, Washington, DC (Grove, Jaskiewicz and Cobert, Andrew M. Danas, of counsel), for plaintiff-appellee.

Gregory B. Craig, Washington, DC (Williams & Connolly, James W. Shannon, Jr., of counsel), for defendant-appellant.

Before: NEWMAN, Chief Judge, VAN GRAAFEILAND, Circuit Judge, and LASKER,* District Judge.

PETITION FOR REHEARING

JON O. NEWMAN, Chief Judge:

Pending before us is a petition for rehearing of our May 19, 1994, decision, 24 F.3d 457, affirming the District Court's denial of a motion, pursuant to Fed.R.Civ.P. 60(b). The motion sought to vacate a default judgment obliging defendant La Fuerza Aerea Boliviana (the Bolivian Air Force) ("BAF") to pay plaintiff Transaero, Inc. $983,696.60. The petition arises in an unusual procedural context that prompts this brief opinion.

In the course of the default proceedings in the District Court, Judge Mishler ruled on April 21, 1989, that BAF had been given proper notice of Transaero's complaint and of the hearing that led to entry of the default judgment. After entry of the default judgment, Transaero brought suit in the District Court for the District of Columbia to enforce

---

* The Honorable Morris E. Lasker of the United States District Court for the Southern District of New York, sitting by designation.

its judgment. BAF sought summary judgment to dismiss the enforcement proceedings on the ground of improper service of the complaint in the Eastern District action. The late Judge Revercomb denied that motion on September 25, 1992. BAF appealed the interlocutory ruling, *see Foremost–McKesson, Inc. v. Islamic Republic of Iran,* 905 F.2d 438, 443 (D.C.Cir.1990) (denial of claim of sovereign immunity appealable as collateral order).

While the D.C. Circuit appeal was pending, BAF filed a motion under Rule 60(b) in the Eastern District of New York to vacate the default judgment. BAF relied primarily on a claim that the default judgment had been obtained by fraud, a claim based on representations by Transaero's counsel in support of the entry of default judgment. Judge Mishler denied the Rule 60(b) motion on August 12, 1993, and BAF appealed that ruling to this Court.

In its appeal, BAF primarily renewed its contention that the default judgment had been obtained by fraud. Its appellate brief also contended that the default judgment should have been vacated because BAF had no "actual" notice of the judgment until February 28, 1992, almost three years after the judgment was entered. The brief referred to this notice as notice "pursuant to section 1608(e)" of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602–1611 (1988). Brief for Appellant at 41 n. 12. BAF contended that the lateness of the notice of the judgment, along with other considerations, amounted to "extraordinary circumstances," *see Ackermann v. United States,* 340 U.S. 193, 199, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950), justifying Rule 60(b) relief. The brief did not contend that defective service of the complaint impaired the validity of the Eastern District judgment.

In its reply brief, however, BAF asserted that it had not been properly served with notice of either the suit or the March 1989 inquest that led to the entry of the default judgment. It made this assertion in the course of answering Transaero's argument that Judge Revercomb's ruling in the District of Columbia had a preclusive effect on the issue of adequacy of notice of the suit. BAF

responded that Judge Revercomb's ruling had no preclusive effect because it was an interlocutory ruling, citing *Lummus Co. v. Commonwealth Oil Refining Co.,* 297 F.2d 80, 89–90 (2d Cir.1961). "There is literally no judgment in that case [the District of Columbia litigation] yet—let alone a *final* judgment." Reply Brief for Appellant at 9. BAF also contended that preclusion was inapplicable because "the issue of notice had nothing to do with [Judge Revercomb's] order." *Id.*

At oral argument on the appeal, both sides took the position that the adequacy of the notice that initiated the Eastern District suit would be resolved by the then-pending appeal in the D.C. Circuit from Judge Revercomb's ruling. On May 19, 1994, we affirmed Judge Mishler's denial of the Rule 60(b) motion. 24 F.3d 457 (2d Cir.1994). Our decision rejected the claim of a fraud on the court, but remanded to permit the District Court to reconsider two aspects of the interest calculation—the proper starting date for the running of interest and the proper interest rate. The only reference in the opinion to the issue of defective notice of the suit is a footnote acknowledging BAF's contention and noting that Judges Mishler and Revercomb had rejected BAF's argument and that Judge Revercomb's ruling was on appeal. *Id.* at 459 n. 1.

On July 6, 1994, BAF filed the pending petition for rehearing. The petition primarily contended that the remand should be expanded to include consideration of the proper ending date for the running of interest. The petition also urged that we stay our mandate until BAF's jurisdictional challenges have been adjudicated in the D.C. Circuit.

On July 29, 1994, the D.C. Circuit decided the appeal from Judge Revercomb's ruling and reversed. *Transaero v. La Fuerza Aerea Boliviana,* 30 F.3d 148 (D.C.Cir.1994). By a divided vote, the Court ruled that BAF is a "foreign state" rather than an "agency or instrumentality of a foreign state" for purposes of section 1608 of the FSIA and that service was not properly accomplished pursuant to subsection 1608(a), applicable to service on a foreign state, although it may have sufficed under subsection 1608(b), applicable

to service on an agency or instrumentality of a foreign state. The Court concluded that the Eastern District of New York lacked personal jurisdiction and that the default judgment was void and unenforceable; the enforcement proceedings in the District of Columbia were ordered dismissed. A petition for rehearing with a suggestion for rehearing in banc was denied on September 15, 1994.

We then invited the parties' views as to whether the default judgment should now be vacated. In response, both sides have substantially altered their prior positions. Transaero now contends that the D.C. Circuit's opinion should not cause us to vacate the default judgment because (a) the opinion is incorrect on the merits, (b) BAF is precluded by judicial estoppel from abandoning the position it has taken in prior litigation before the courts of this Circuit that it is an instrumentality of the Republic of Bolivia, and (c) this Court's affirmance of Judge Mishler's denial of the Rule 60(b) motion is a ruling implicitly upholding the jurisdictional validity of the default judgment that should have been accorded preclusive effect in the District of Columbia.

For its part, BAF abandons the contention, urged on the appeal to this Court, that Judge Revercomb's ruling had no preclusive effect because it was interlocutory, and now contends that his ruling, until reversed, had preclusive effect on the issue of statutory service and prevented BAF from raising the issue of defective service when it filed its Rule 60(b) motion in the Eastern District of New York. BAF urges that the preclusive effect of the D.C. Circuit's opinion in its favor requires us now to vacate the default judgment.

■ 1. Turning first to the significance of the D.C. Circuit's opinion on the pending petition, we conclude that whatever preclusive effect that decision might have on issues that are open for decision in any court, it is not a circumstance requiring us to grant BAF's petition for rehearing. That petition afforded BAF an opportunity to indicate "the points of law or fact which in the opinion of the petitioner the court has overlooked or misapprehended." Fed.R.App.P. 40(a).

BAF's petition for rehearing did not assert that we had overlooked or misapprehended any aspect of its contention regarding defective service. Indeed, it is by no means clear that BAF's initial appeal had urged us to reverse the denial of the Rule 60(b) motion for lack of defective service. In short, we have now pending no open issue on which the preclusive effect of the D.C. Circuit's decision, if any, may operate. Therefore, without expressing any views as to (a) the validity of Transaero's service upon BAF in initiating the Eastern District suit or (b) whether the default judgment is impaired by the allegedly late notice of its entry, we decline to grant the petition for rehearing just because the D.C. Circuit has ruled that the default judgment is not enforceable in the District of Columbia. We need not decide whether BAF is entitled to pursue a new Rule 60(b) motion in the Eastern District, now that the D.C. Circuit has declared the default judgment to be void.

■ 2. With respect to the calculation of interest, we think that BAF's contention concerning the scope of the remand has merit. Its brief on the appeal from the denial of the Rule 60(b) motion complained not only about the two points mentioned in the panel's opinion (the interest started too early and the rate exceeded the contract rate) but also about the proper date for cessation of interest. Brief for Appellant at 21. We see no reason not to broaden the remand to permit the District Court to consider the proper date for the cessation of interest, and Transaero's opposition papers are silent on this question.

3. With respect to the mandate, BAF appears to have sought a stay of our mandate only until the conclusion of the D.C. Circuit's consideration of the appeal in that court. However, since Transaero has represented that it will seek a writ of certiorari to have that decision reviewed by the Supreme Court, we will stay our mandate until the petition for certiorari is decided, and, if granted, until decision by the Supreme Court.

Accordingly, the petition for rehearing is granted only to the limited extent of broad-

ening the remand to include consideration of the cessation of interest, and is otherwise denied. The mandate is stayed.