**TRANSAERO, INC., Plaintiff–Appellee–Cross–Appellant,**

v.

**LA FUERZA AEREA BOLIVIANA, an agency or instrumentality of the Republic of Bolivia, a Foreign State, Defendant–Appellant–Cross–Appellee.**

**Docket Nos. 97–9317, 97–9327.**

United States Court of Appeals, Second Circuit.

Argued July 13, 1998.

Decided Dec. 11, 1998.

---

Andrew M. Danas, Grove, Jaskiewicz and Cobert, Washington, DC (Ronald N. Cobert, of counsel), for Plaintiff–Appellee–Cross–Appellant.

Jonathan P. Graham, Williams & Connolly, Washington, DC (Jonathan L. Marcus, of counsel), for Defendant–Appellant–Cross–Appellee.

Before: MINER and CABRANES Circuit Judges, and CHATIGNY, District Judge.*

MINER, Circuit Judge:

Defendant-appellant-cross-appellee La Fuerza Aerea Boliviana (the Bolivian Air Force) (the "BAF") appeals from an amended default judgment entered in the United States District Court for the Eastern District of New York (Mishler, J.) in favor of plaintiff-appellee-cross-appellant Transaero, Inc. ("Transaero"). The amended judgment was entered after the court denied a motion by the BAF for relief from the original default judgment awarding damages for money owed on a credit agreement. In denying the motion, the district court determined that the BAF had implicitly waived the defenses of improper service of process and lack of personal jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), see 28 U.S.C. §§ 1602 et seq., by previously appearing in the United States District Court for the Eastern District of New York (the "EDNY") and in this Court to argue for relief from the original judgment under the provisions of Fed.R.Civ.P. 60(b). When the BAF first appeared in the EDNY, its appeal from an order of the United States District Court for the District of Columbia enforcing that judgment was pending in the United States Court of Appeals for the District of Columbia Circuit (the "D.C. Circuit"). The order subsequently was reversed by the D.C. Circuit, which held that Transaero could not enforce the judgment it previously obtained in the EDNY because it had not complied with the FSIA in regard to service of process.

Transaero cross-appeals from various orders of the EDNY and from the judgment as amended. The amendment reduced the original award from $983,696 to $336,232.

For the reasons that follow, we reverse the amended judgment entered in the EDNY and dismiss the cross-appeal.

## BACKGROUND

The extensive background of this action is set out in our three previous opinions dealing with this litigation, see Transaero, Inc. v. La Fuerza Area [sic] Boliviana, 24 F.3d 457 (2d Cir.1994) ("Transaero I"); Transaero, Inc. v. La Fuerza Aerea Boliviana, 38 F.3d 648 (2d Cir.1994) ("Transaero III"); Transaero, Inc. v. La Fuerza Aerea Boliviana, 99 F.3d 538 (2d Cir.1996) ("Transaero IV"), cert. denied, —— U.S. ——, 117 S.Ct. 1843, 137 L.Ed.2d 1047 (1997), as well as the opinion of the D.C. Circuit, see Transaero, Inc. v. La Fuerza Aerea Boliviana, 30 F.3d 148 (D.C.Cir.1994) ("Transaero II"). We presume familiarity with each of those opinions and recount here only those facts most pertinent to the resolution of this appeal.

This suit arose out of the alleged failure of the BAF to pay Transaero, a New York corporation and supplier of aircraft parts, the interest it was due under a credit agreement

---

* The Honorable Robert N. Chatigny, of the United States District Court for the District of Connecticut, sitting by designation.

entered into in May of 1981. The credit agreement, which provided the BAF with an open account up to $350,000, required the BAF to pay its balance in full within 120 days of product shipment. The credit agreement also provided that, if the BAF did not comply with this term, it was required to pay 1.75% monthly interest (21% annually) on the outstanding balance. By April of 1982, the BAF had accumulated an outstanding principal balance under the credit agreement of approximately $600,000.

In October of 1984, the BAF remitted approximately $382,000 to Transaero in partial payment, leaving roughly $216,000 of principal due. In January of 1986, after several weeks of negotiations assisted by the Economic Counselor of the United States Embassy in La Paz, the BAF paid to Transaero a total of $266,000. Transaero received this payment, specifically noting that $50,000 of the sum was in "partial compensation for interest payments." After this payment, the BAF made no further payments to Transaero, although Transaero continued to bill it for unpaid accumulated interest.

In 1988, Transaero sued the BAF in the EDNY, claiming it was owed $983,696.60 in outstanding compound interest and basing jurisdiction on the "commercial activity" exception to sovereign immunity under the FSIA, 28 U.S.C. §§ 1603(d), 1605(a)(2). The BAF failed to answer the complaint or otherwise appear in the action. The district court entered a default judgment on April 28, 1989 against the BAF in the full amount sought by Transaero, $983,696.60. In entering the default judgment, the court noted that the BAF was "properly served in accordance with 28 U.S.C. § [1]608(b)(3)(B)," as "an agency or instrumentality of a foreign state" under the FSIA. In June of 1992, Transaero sought to enforce the default judgment in the D.C. district court pursuant to 28 U.S.C. § 1963. The BAF appeared in the action and sought summary judgment denying enforcement of the default judgment, arguing that service was improper because it was not an "agency or instrumentality of a foreign state," which

may be served under § 1608(b) of the FSIA, but rather a "foreign state or political subdivision of a foreign state," which must be served under § 1608(a) of the FSIA. *See* 28 U.S.C. § 1608(a). The D.C. district court denied the BAF's motion for summary judgment after finding that the BAF was "an agency or instrumentality of a foreign state," and thus subject to service under § 1608(b) of the FSIA.[1] *See Transaero II*, 30 F.3d at 150. The BAF appealed that ruling to the D.C. Circuit. *See id.*

The BAF made its first appearance in the EDNY action in May of 1993, while the appeal was pending in the D.C. Circuit. It moved for relief from the judgment pursuant to Fed.R.Civ.P. 60(b), arguing that the default judgment should be set aside on several non-jurisdictional grounds, including fraud on the court. *See Transaero I*, 24 F.3d at 459–60. Significantly, in its Rule 60(b) motion papers submitted to the EDNY, the BAF included the following footnote:

> The [BAF] has appealed [the D.C. district court]'s opinion. The [BAF] acknowledges that until overturned on its pending appeal, [the D.C. district court]'s opinion bars the [BAF] from challenging the propriety of service under the Foreign Sovereign Immunities Act. Although barred by res judicata from contesting it, the [BAF] in no way waives these issues. In this, its first responsive pleading, the [BAF] preserves its challenges to Transaero's improper service of process and this Court's lack of personal and subject-matter jurisdiction under the Foreign Sovereign Immunities Act. . . .

The EDNY denied the motion in August of 1993, and the BAF appealed to this Court. On appeal, the BAF included the same footnote in its brief. In May of 1994, we affirmed the EDNY's order denying the BAF's Rule 60(b) motion. *See Transaero I*, 24 F.3d at 459. We noted in our opinion, however, that our review was limited to the issues raised in that motion and that the D.C. Cir-

---

1. Transaero served the Bolivian Ambassador and Consul General in Washington, D.C. and the Bolivian First Minister and the Bolivian Air Force in La Paz, Bolivia. *See Transaero II*, 30

F.3d at 153. These methods were found by the court to be sufficient under § 1608(b), but not under § 1608(a).

cuit's decision, which would address the jurisdictional issues, was pending. *See id.* at 459, 459 n. 1. We then remanded for factual findings concerning the calculation of interest. *See id.* at 462–63.

After this Court decided *Transaero I,* the BAF filed a petition for rehearing with this Court and sought, *inter alia,* to stay our mandate pending the D.C. Circuit's ruling. *See Transaero III,* 38 F.3d at 649. While the petition for rehearing was pending, a divided panel in the D.C. Circuit overturned the decision of the D.C. district court, holding that the BAF was a "foreign state" rather than an "agency or instrumentality of a foreign state" and that service upon the BAF should have been made pursuant to § 1608(a) of the FSIA, and not pursuant to § 1608(b). *See Transaero II,* 30 F.3d at 153–54. Consequently, the D.C. Circuit held that the EDNY did not have personal jurisdiction over the BAF and the default judgment was therefore "void and unenforceable." *Id.* at 154.

After the D.C. Circuit issued its decision, we requested *sua sponte* that the parties brief the issue of whether we were now required to vacate the default judgment upon reconsideration of the BAF's Rule 60(b) motion. *See Transaero III,* 38 F.3d at 650. After briefing on that issue, we noted that our review of the denial of the Rule 60(b) motion and our consideration of the petition for a rehearing were limited in scope. Specifically, we stated as follows:

> [I]t is by no means clear that [the] BAF's initial appeal had urged us to reverse the denial of the Rule 60(b) motion for lack of [effective] service. In short, we have now pending no open issue on which the preclusive effect of the D.C. Circuit's decision, if any, may operate. Therefore, without expressing any views as to (a) the validity of Transaero's service upon [the] BAF in initiating the Eastern District suit or (b) whether the default judgment is impaired by the allegedly late notice of its entry, we decline to grant the petition for rehearing just because the D.C. Circuit has ruled that the default judgment is not enforceable in the District of Columbia. We need not decide whether [the] BAF is entitled to

pursue a new Rule 60(b) motion in the Eastern District, now that the D.C. Circuit has declared the default judgment to be void.

*Transaero III,* 38 F.3d at 650.

Upon remand, the BAF filed a second motion for relief from the default judgment in the EDNY, now pursuant to Rule 60(b)(4). In this motion, the BAF claimed that the judgment was void for lack of proper service and that the ruling of the D.C. Circuit was a final resolution of that issue to which both parties are bound. In a Memorandum of Decision and Order dated August 4, 1995, the EDNY denied that motion, finding that the BAF had tacitly waived its service of process and personal jurisdiction defenses by (1) appearing in the EDNY to argue the first Rule 60(b) motion; (2) appealing the denial of that motion; and (3) seeking a rehearing of this Court's affirmance of the denial, all without arguing the jurisdictional issues. On August 22, 1995, the EDNY entered an order denying the BAF's motion for reconsideration and limiting discovery to Transaero's books and records for the determination of accrued interest. The BAF appealed. In November of 1996, we dismissed the appeal without prejudice, holding that the denial of the Rule 60(b)(4) motion was not appealable for lack of a final judgment in this case. *See Transaero IV,* 99 F.3d at 541–42.

On remand, in a Memorandum and Order dated January 16, 1997, the EDNY declined to revisit issues of personal jurisdiction or the validity of its original default judgment and addressed only the issues concerning the amount of the award. It reasoned that our affirmance of its entry of a default judgment in *Transaero I* and our refusal in *Transaero III* to give preclusive effect to the D.C. Circuit's holding meant that we had held implicitly that service was proper and that the EDNY had personal jurisdiction over the BAF. The EDNY concluded that it was bound to follow this implicit holding under the law of the case doctrine.

In a Memorandum of Decision and Order dated September 18, 1997, the EDNY addressed issues concerning the amount of the award. It found that the legality of Transaero's practice of charging compound interest

was within the scope of our mandate but determined that the mandate did not extend to the question of whether the payment in January of 1986 constituted a settlement. The EDNY then determined that Transaero was entitled only to accrued simple interest, rather than the compound interest it had been charging, and adjusted the award accordingly. Concurrent with the filing of the Memorandum of Decision and Order, the EDNY also filed an amended default judgment awarding Transaero "$336,232.06, together with interest from April 28, 1989 [the date of the initial default judgment] and its costs of action."

The BAF appeals from the September 18, 1997 judgment, arguing that the D.C. Circuit's opinion should be given preclusive effect and that it expressly preserved the defenses of improper service and lack of personal jurisdiction pending the D.C. Circuit decision. The BAF also argues that the EDNY erred in concluding that its mandate on remand did not require consideration of whether the payment in January of 1986 constituted a full settlement of its debt to Transaero.

The BAF's motion for a stay of the amended default judgment pending appeal in this Court was opposed by Transaero, which moved for dismissal of the appeal. Transaero argued that the BAF had waived its jurisdictional defenses by failing to argue them in the EDNY when it first appeared. We granted the BAF's motion for a stay but denied Transaero's motion for a dismissal of the appeal.

Transaero cross-appeals from the same judgment, finding error in the EDNY's (1) rulings on the interest calculation issues; (2) interpretation of our mandate to allow consideration of the legality of Transaero's practice of charging compound interest; and (3) order limiting discovery to Transaero's books and records on the issue of award calculation.

## DISCUSSION

### I. Standard of Review

■■■ We review district court rulings on Rule 60(b) motions for abuse of discretion. *See SEC v. McNulty,* 137 F.3d 732, 738 (2d Cir.1998); *Israel v. Carpenter,* 120 F.3d 361, 365 (2d Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1049, 140 L.Ed.2d 113 (1998). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *see Nikon Inc. v. Ikon Corp.,* 987 F.2d 91, 94 (2d Cir.1993).

### II. Preservation of Jurisdictional Defenses

■■■ The requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly. *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703–05, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). "The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not." *Id.* at 704–05, 102 S.Ct. 2099. Thus, when a defendant appears and challenges jurisdiction, it agrees to be bound by the court's determination on the jurisdictional issue. *See id.* at 706, 102 S.Ct. 2099; *Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 525, 51 S.Ct. 517, 75 L.Ed. 1244 (1931). It is equally clear, however, that a "defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." *Insurance Corp. of Ireland,* 456 U.S. at 706, 102 S.Ct. 2099; *see Covington Indus. v. Resintex A. G.,* 629 F.2d 730, 732–33 (2d Cir. 1980).

Waiver of the defenses of insufficiency of service of process and lack of personal jurisdiction is generally governed by Fed.R.Civ.P. 12(h)(1), which establishes that

[a] defense of lack of jurisdiction over the person, ... insufficiency of process, or insufficiency of service of process is waived ... if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Rule 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction ... or service of process. If he wishes to raise [either] of these defenses he must do so at the time he makes his first significant defensive move...." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (1990).

■ Transaero argues that, despite the footnote in the BAF's motion papers purporting to preserve them, the BAF waived its jurisdictional defenses by "volunt[eering] ... to litigate the merits of the case." We disagree. We believe that the BAF properly preserved its service of process and personal jurisdiction defenses while awaiting the D.C. Circuit's decision.

By raising the defenses in its first responsive motion in the EDNY but not arguing them, the BAF steered a middle course between the res judicata effect of the D.C. district court's decision and the dictates of Rule 12(h)(1). Under the liberal pleading rules of Rule 8, a party need only state these defenses in its first responsive filing and is not required to "articulate[ ] [them] with any rigorous degree of specificity." *Kulzer v. Pittsburgh–Corning Corp.*, 942 F.2d 122, 125 (2d Cir.1991); *see Holzsager v. Valley Hosp.*, 646 F.2d 792, 795–96 (2d Cir.1981). At the time of the motion, the BAF was precluded from arguing the propriety of service of process or personal jurisdiction because the D.C. district court decision on these issues was entitled to res judicata effect pending the D.C. Circuit's decision on appeal. *See Petrella v. Siegel*, 843 F.2d 87, 90 (2d Cir.1988).

Under the circumstances, the BAF's appearance in the EDNY to attack the validity of the judgment on non-jurisdictional grounds cannot be deemed a waiver. Instead, by appearing in the EDNY to argue its initial Rule 60(b) motion, the BAF generally adhered to our instruction that when an appeal in a closely related action is pending, the current litigation may go forward until that appeal is decided. After the appellate court renders its decision, the district court should address the effect of the appellate court's decision in the related proceedings. *See Petrella*, 843 F.2d at 90 ("The district court may retain jurisdiction following proceedings below in order to act on any motion arising from a reversal of the [trial] court's judgment by the appellate [court], but proceedings in the meantime should go forward, with preclusive effect given to the [trial] court's determination ....") (citation omitted).

■ Transaero also argues that, in entering the initial default judgment, the EDNY either implicitly or explicitly determined that it had jurisdiction over the parties, thus conclusively resolving that issue for further proceedings. We disagree. A determination of personal jurisdiction should not be considered preclusive when made upon the grant of a default judgment. This is particularly so when the defendant has raised the jurisdictional issue in its first appearance in another forum where the plaintiff seeks enforcement of the default judgment.

It is clear that a defendant may fail to appear, risk a default judgment, and then collaterally attack that judgment on jurisdictional grounds. *See Insurance Corp. of Ireland*, 456 U.S. at 706–07, 102 S.Ct. 2099; *Covington Indus.*, 629 F.2d at 732–33. A court entering a default judgment may assume that it has jurisdiction over the defendant when the defendant does not appear in court to contest the judgment, but that assumption does not preclude the defendant from later contesting jurisdiction in the enforcing court. *See Baldwin*, 283 U.S. at 525, 51 S.Ct. 517; *Covington Indus.*, 629 F.2d at 737. Thus, any determination by the EDNY that service was proper and that it had personal jurisdiction under the FSIA when it entered the initial default judgment in 1989 cannot be deemed final and preclusive on these questions.

Moreover, contrary to the EDNY's finding, the propriety of service of process or personal jurisdiction has not, until now, been properly before this Court. We have never ruled on those issues either expressly or implicitly. In *Transaero I*, we noted that our review of the Rule 60(b) motion was limited to the issues raised in that motion—which did not include service of process or personal jurisdiction—and recognized that the pending D.C. Circuit decision would address those issues. *See Transaero I*, 24 F.3d at 459, 459

n. 1. We stated in *Transaero III* that we were not expressing any views on the validity of Transaero's service upon the BAF in initiating the EDNY action and left open the possibility that the BAF might bring a Rule 60(b)(4) motion based upon the D.C. Circuit's decision. *See Transaero III,* 38 F.3d at 650. In *Transaero IV,* holding that the EDNY order denying the BAF's Rule 60(b)(4) motion was a non-appealable, non-final order, we dismissed the appeal without prejudice to the BAF's right to appeal after a final order was entered. *See Transaero IV,* 99 F.3d at 541–42.

*III. Collateral estoppel or issue preclusion*

The BAF argues that the D.C. Circuit's holding in *Transaero II* should control under the doctrine of collateral estoppel or issue preclusion. We agree.

▮▮▮▮ The related doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion) are meant to protect parties from having to relitigate identical claims or issues and to promote judicial economy. *See Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 644 (2d Cir.1998). "Res judicata bars litigation of any claim for relief that was available in a prior suit between the same parties or their privies, whether or not the claim was actually litigated." *Id.* Collateral estoppel bars a party from raising a specific factual or legal issue in a second action when the party had a full and fair opportunity to litigate the issue in a prior proceeding. *See id.* More specifically, collateral estoppel applies when

(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.

*Liona Corp. v. PCH Assocs. (In re PCH Assocs.),* 949 F.2d 585, 593 (2d Cir.1991).

▮▮▮▮ The case at bar satisfies all four of these elements as they apply to the issues of service of process and personal jurisdiction under the FSIA. First, the BAF's Rule 60(b)(4) motion raises the same FSIA service of process and personal jurisdiction issues raised in the enforcement action in the D.C. district and Circuit courts. Second, these issues were litigated to a final judgment entered by the highest court that will consider the case, the D.C. Circuit. *See Transaero II,* 30 F.3d at 154, *cert. denied,* 513 U.S. 1150, 115 S.Ct. 1101, 130 L.Ed.2d 1068 (1995). Third, the litigation in the D.C. district and Circuit courts provided both parties with a full and fair opportunity to litigate the issues. Finally, the service of process and personal jurisdiction issues were necessary to support the D.C. Circuit's final judgment—indeed, these issues were the subject of that judgment.

Accordingly, the D.C. Circuit's holding precludes any further litigation on these issues in this Circuit. We have examined the other contentions advanced by Transaero and find them to be without merit. We therefore reverse the amended default judgment in accordance with the foregoing and in reliance on the holding of the D.C. Circuit in *Transaero II.* We dismiss the cross-appeal as moot.

**CONCLUSION**

In sum, we hold that the BAF preserved its defenses of improper service of process and lack of personal jurisdiction when it appeared in the EDNY and in this Court to argue its first Rule 60(b) motion. Moreover, the D.C. Circuit's *Transaero II* decision, which holds that the default judgment is void and unenforceable, collaterally estops the courts of this Circuit from reconsidering the propriety of service of process or personal jurisdiction under the FSIA. The amended default judgment is reversed, and the cross-appeal is dismissed as moot.