SUMMARY ORDER

Appellant Stanley Chance, pro se, appeals the district court’s post-judgment order denying his motion to reopen his 42 U.S.C. § 1983 action, in which he was granted a default judgment. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
An appeal from an order denying a motion filed pursuant to Rule 60(b) of the *843 Federal Rules of Civil Procedure[1] more than ten days after entry of the judgment brings up for review only the order denying the motion. See “R” Best Produce, Inc. v. DiSapio, 540 F.3d 115, 122 n. 5 (2d Cir.2008) (citing Daily Mirror, Inc. v. New York News, Inc., 533 F.2d 53, 56 (2d Cir.1976)). Here, the underlying judgment was entered on March 20, 2007, but Appellant did not file his Rule 60(b) motion until October 2007. Thus, we do not consider Appellant’s arguments challenging the underlying default judgment.
Rule 60(b) provides, in relevant part, that a motion for relief from a judgment or order may be granted if there is “newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)” or for “any other reason that justifies relief.” Fed.R.Civ.P. 60(b)(2), (6). Relief pursuant to Rule 60(b) is available only in “exceptional circumstances.” Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir.2008) (internal quotation marks omitted). We review a district court order denying a Rule 60(b) motion for abuse of discretion. See Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir.1998); Branum, 927 F.2d at 704 (2d Cir.1991). “A district could would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.” Transaero, 162 F.3d at 729 (internal quotation marks omitted).
Here, we conclude that the district court did not abuse its discretion by denying Appellant’s Rule 60(b) motion for failure to demonstrate exceptional circumstances. The evidence presented by Appellant had no apparent relevance to the merits of his original claim, given that it showed only that his vehicle had been impounded by City Line Towing and Recovery at the behest of a different town’s police department, and presumably not pursuant to the challenged Bridgeport policy. See Boule v. Hutton, 328 F.3d 84, 95 (2d Cir.2003) (“Rule 60(b)(2) provides relief when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation.”) (emphasis added). Moreover, as the district court correctly noted, the evidence could have, with reasonable diligence, been discovered prior to Appellant’s filing of his March 2007 motion for reconsideration. Given that the vehicle was impounded on February 22, 2007, Appellant certainly could have, with reasonable diligence, discovered the circumstances of the im-poundment, regardless of when he received the notification.
Accordingly, there is no basis on which to challenge the post-judgment order of the district court, and it is hereby AFFIRMED.

. The district court properly construed Appellant's motion to reopen as a Rule 60(b) motion. See Branum v. Clark, 927 F.2d 698, 704 (2d Cir.1991) (“If a motion to modify or set aside the judgment (other than for clerical error), is served more than 10 days after entry of the judgment, it is properly considered a motion under Fed.R.Civ.P. 60(b) ....") (citation omitted).