Kalliopi SIGALA, Plaintiff–Appellant,

v.

Kiriakos SPIKOURIS, Defendant,

Sotiris Lambrou, Defendant–Appellee.

No. 08–2278–cv.

United States Court of Appeals, Second Circuit.

Sept. 4, 2009.

Gary A. Lichtman, New York, NY, for Appellant.

Sotiris Lambrou, Crisfield, MA, pro se.

PRESENT: ROSEMARY S. POOLER, PETER W. HALL and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Kalliopi Sigala, through counsel, appeals from the orders of the United States District Court for the Eastern District of New York (Townes, J.), denying Appellant's motion to reopen the case following dismissal of the complaint for failure to prosecute and Appellant's motion for reconsideration of the denial. We assume the parties' familiarity with the facts and procedural history.

We review a district court order denying a motion pursuant to Federal Rule of Civil Procedure 60(b) for abuse of discretion. See Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 729 (2d Cir.1998). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Id.

Although we have confirmed that the district court has the authority to dismiss an action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), we have held that such action should be taken "only in the most extreme circumstances." U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 250–51 (2d Cir. 2004). The propriety of dismissal for failure to prosecute is based on the following factors: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether there was notice to plaintiff that further delay would result in dismissal; (3) likely prejudice to defendant because of further delay; (4) a balance between court calendar congestion against plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. Id. at 254. "No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." Id.

In ruling on Appellant's motions to reopen and for reargument, as well as in the underlying dismissal, the district court did not adequately address these factors or sufficiently explain its reasoning to enable us to review the district court's reasoning. See Martens v. Thomann, 273 F.3d 159, 180 (2d Cir.2001) (holding that "[a]lthough the district court [was] not required to discuss each of the factors on the record, a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning") (internal quotation marks omitted). The record reveals that, while there was a significant delay between the district court's order of dismissal in January 2005 and the November 2007 motion to reopen the case, there was some evidence that Appellant did not receive actual notice of the possibility of dismissal. Further, there was significant court action during this period. Indeed, Magistrate Judge Go recommended that the case be reopened "since the only reason [Appellant's counsel] didn't respond to an order of impending dismissal was that [the] order was sent to a [different attorney]." There is also evidence of various communications between Appellant's counsel and Magistrate Go from December 2002 to January 2007.

Moreover, there was no evidence of prejudice to Appellee, who did not oppose Appellant's request to reopen the case, or of congestion of the district court's docket. Similarly, there was no indication that the district court considered any lesser sanctions prior to dismissing the complaint. By failing to adequately address the above-listed factors, the evidence submitted by Appellant, or the magistrate's rec-

ommendation that the case be reopened, the district court abused its discretion. *See id.*

For the reasons stated above, the orders of the district court are VACATED and the case is REMANDED for the further proceedings. On remand the district court may choose to restore this matter to the calendar. If it does not do so, it should enter an order thoroughly explaining its consideration of the pertinent factors and the evidence offered by appellant.