10-4145-cv
Linden v. District Council 1707-AFSCME

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of March, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, Jr.,
> > *Circuit Judges.*

_____

Michael Linden,

> *Plaintiff-Appellant,*

> > v.                                          10-4145-cv

District Council 1707-AFSCME *et al.*,

> *Defendants-Appellees.*

_____


FOR APPELLANT:          Michael Linden, *pro se*, White Plains, NY.


FOR APPELLEES:          Patrick W. Shea, Paul, Hastings, Janofsky & Walker LLP, New York, NY.

                        Thomas M. Murray, Kennedy, Jennik & Murray, P.C., New York, NY.

William D. Buckley, Garbarini & Scher, P.C., New York, NY.

Eric G. Moskowitz, Assistant General Counsel for Special Litigation, National Labor Relations Board; Nancy E. Kessler Platt, Supervisory Attorney; Dawn L. Goldstein, Senior Attorney (*on the brief*), National Labor Relations Board Office of the General Counsel, Washington, DC.

Appeal from a judgment and post-judgment order of the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and post-judgment order of the district court are **AFFIRMED**.

Appellant Michael Linden, proceeding *pro se*, appeals from the district court's judgment granting the defendants' motions to dismiss his C.P.L.R. Article 78 petition,[1] and from the district court's post-judgment order denying his motion for reargument pursuant to Southern District of New York Local Rule 6.3. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's dismissal of a complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), accepting as true the factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. *See Macias v. Zenk*, 495

---

[1]Although Linden's notice of appeal was filed 77 days after entry of the judgment, he filed a motion for an extension of time to file a notice of appeal in tandem with his notice of appeal, and, in March 2011, the district court appeared to grant that motion. Accordingly, we have jurisdiction over the district court's judgment. *See* Fed. R. App. P. 4(a)(5)(A) (providing that the district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires . . . and that party shows excusable neglect or good cause"); *id*. at 4(a)(1)(B) (providing that, when an agency of the United States is a party, a notice of appeal may be filed within 60 days after entry of the judgment).

F.3d 37, 40 (2d Cir. 2007); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  To survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

Although we have not articulated a standard of review with respect to the denial of motions for reargument under Local Rule 6.3, we review the denial of Rule 59(e) and Rule 60(b) reconsideration motions for abuse of discretion.  *See Empresa Cubana del Tabaco v. Culbro Corp.*, 541 F.3d 476, 478 (2d Cir. 2008) (Rule 59(e)); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (Rule 60(b)).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment dismissing Linden's Article 78 petition and post-judgment order denying his motion for reargument for substantially the same reasons stated by the district court in its well-reasoned decisions.  Although Linden asserts that the district court overlooked various legal propositions, the court, in fact, accounted for the propositions cited in his brief that were relevant to its decision.  Additionally, the district court did not abuse its discretion in denying Linden's motion for reconsideration or reargument, as Linden did not identify any relevant facts or controlling authority that the court overlooked.  There is no merit to

3

Linden's assertion that the district court improperly construed his motion for "reargument" as a motion for "reconsideration" or that there is a meaningful distinction between those two labels.

We have considered Linden's other arguments on appeal and have found them to be without merit. Accordingly, the district court's judgment and post-judgment order are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk