10-3430-pr
Flemming v. Rosadro

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of November, two thousand eleven.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> > *Circuit Judges*.

_____

Woodrow Flemming,

> *Plaintiff-Appellant,*

> > 10-3430-pr

> v.

Rosadro, Head of Regional Medical Unit, Anthony Durrante, Security, Regional Medical Unit Walsh Medical, Anthony Boucaud, Deputy for Administration, Upstate Correctional Facility, Sharma, Head Medical Doctor at Regional Medical Unit, Burdick, Medical Doctor, Admiks, Hearing Lieutenant and acting Captain, Regional Medical Unit, Bishop, Sergeant. for Security, Upstate Correctional Facility, Pierce, Security Sergeant Regional Medical Unit, N. Smith, Nurse Administrator, Upstate Correctional Facility, Evelyn Weissman, Head Medical Doctor, Upstate Correctional Facility, Deana Buffham, Medical Medication Nurse, Upstate Correctional Facility, Batis, Nurse, Regional Medical Unit, Lisa O'Bryant, Nurse, Reginal Medical Unit, Lovett, Security Officer, Regional Medical Unit, Szajer, Correctional Officer, Regional Medical Unit, Gardner, Correctional Officer, Sergeant, Davis, Medication Nurse, Regional Medical Unit, Miller, Nurse, Regional Medical Unit, Michael Maher, Acting Superintendent, Regional Medical Unit, Maria Tirone, Deputy Superintendent for Program, Upstate Correctional Facility, Glenn Goord, Donald Selsky, Lester Wright, Doctor,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                Woodrow Flemming, *pro se*, Malone, N.Y.

FOR DEFENDANTS-APPELLEES:            Andrew B. Ayers, Assistant Solicitor
                                     General, Albany, N.Y.


Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the order of said District Court be and hereby is **AFFIRMED**, the motion to file a reply brief is **DENIED as moot**, and the motion for appointment of counsel is **DENIED**.

Appellant Woodrow Flemming, *pro se*, appeals from the district court's post-judgment order denying his motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Flemming also moves to file a reply brief and for appointment of counsel in this appeal. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

This Court reviews the denial of Rule 60(b) motions for abuse of discretion. *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous assessment of the law or on a clearly erroneous view of the evidence." *Id.* (citation omitted). An appeal from the denial of a Rule 60(b) motion "brings up for review only the denial of the motion and not the merits of the underlying judgment for errors that could have been asserted on direct appeal." *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991). A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances, with the burden of proof resting on the party seeking relief from the judgment. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

Here, an independent review of the record and relevant case law reveals that the district court did not abuse its discretion in denying Flemming's motion to vacate under Rule 60(b). We affirm for substantially the same reasons stated in the district court's thorough and well-reasoned July 26, 2010 memorandum and order.

Turning to Fleming's remaining two motions, Fleming in fact already filed a reply brief along with supplemental exhibits. Accordingly, Fleming's motion to file a reply brief is denied as moot. As to Fleming's motion for appointment of counsel, Flemming cannot show a likelihood of success on appeal for the reasons explained above. Accordingly, appointment of counsel is not warranted, and Fleming's motion is denied. *See* 28 U.S.C. § 1915(e)(1); *Cooper v. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989).

We have considered all of Flemming's arguments, including those in his reply brief, and find them to be without merit. Accordingly, the order of the district court is hereby **AFFIRMED**, the motion to file a reply brief is **DENIED as moot**, and the motion for appointment of counsel is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3