10-1920-cr
United States v. Jones

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand eleven.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                      *Circuit Judges.*[*]

---

UNITED STATES OF AMERICA,

     *Appellee*,

    v.           10-1920-cr

WILLIAM JONES,

     *Defendant-Appellant.*

---

For Appellant:   Randall D. Unger, Law Offices of Randall D. Unger, Bayside, N.Y.

For Appellee:   Alvin L. Bragg, Jr., and Brent S. Wible, Assistant United States Attorneys (of counsel), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, N.Y.

---

[*] The Honorable Raymond J. Lohier, Jr., who had originally been assigned to this panel, recused himself. The remaining two members of the panel decide the matter pursuant to Second Circuit Internal Operating Procedure E(b).

Appeal from the United States District Court for the Southern District of New York (Stanton, *J.*).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

William Jones appeals from the district court's denial of his motion under Federal Rule of Civil Procedure Rule 60(b), challenging the court's denial of his petition for a writ of habeas corpus. He was convicted in 1993 on a federal drug conspiracy charge and is currently imprisoned. We assume the parties' familiarity with the underlying facts of the case, the procedural posture, and the issues raised on appeal.

"We review district court rulings on Rule 60(b) motions for abuse of discretion." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998).

"[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). We agree with the district court that Jones's claims plainly challenged his underlying conviction as opposed to his prior habeas proceeding. We note only that despite Jones's claims of prosecutorial misconduct before and during his trial, he does not suggest that the government knowingly misled the district court considering his habeas petition.

Accordingly, the order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2