10-2665-cv
Morgan v. Gaind

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT:
> Robert A. Katzmann,
> Susan L. Carney,
> > *Circuit Judges*,
> Jane A. Restani,
> > *Judge*.[*]

---

Colin Morgan, Castlebay Securities, LTD., Donald Urquhart,

　　*Plaintiffs-Counter-Defendants-Appellees*,

　　　　　v.　　　　　　　　　　　　　　　　　10-2665-cv

Raghu Gaind, Dr., Kenneth R. Lagonia, Americredit International Limited,

　　*Defendants*,

Allen Gottlieb,

　　*Defendant-Counter-Claimant-Appellant*.

---

[*]Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

FOR APPELLANT: Allen Gottlieb, *pro se*, Aventura, FL.

FOR APPELLEES: Charles B. Manuel, Jr., Manuel & Associates, LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Allen Gottlieb, proceeding *pro se*, appeals from the district court's May 25, 2010 post-judgment order denying his motion for reconsideration of the court's March 30, 2010 order denying his request to quash a subpoena. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review both the denial of a motion for reconsideration and the denial of a motion to quash a subpoena for abuse of discretion. *See In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 68 (2d Cir. 2003) (motion to quash a subpoena); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998) (motion for reconsideration). Here, the district court did not abuse its discretion in declining to reconsider its denial of Gottlieb's motion to quash the subpoena filed by the plaintiffs. Gottlieb's only argument in support of his motion for reconsideration—that he was seeking but had not yet obtained files purportedly establishing that the subpoena should be quashed—did not demonstrate that he was entitled to relief under Fed. R. Civ. P. 60(b) or otherwise. *See* Fed. R. Civ. P. 60(b); S.D.N.Y. Local Rule 6.3 (providing that a motion for reconsideration or reargument must identify "matters or controlling decisions which [the movant] believes the Court has overlooked"). Moreover, contrary to Gottlieb's suggestion,

2

the court's decision did not preclude him from continuing to seek files in the possession of his former counsel. Finally, the district court did not abuse its discretion in denying Gottlieb's underlying motion to quash the subpoena, as Gottlieb's motion did not identify any valid basis for granting such relief. *See* Fed. R. Civ. P. 45(c)(3) (specifying the factors that require or permit a district court to quash a subpoena).

We have considered Gottlieb's other arguments on appeal and find them to be without merit. Accordingly, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk