10-4435-cv
Sanders v. N.Y.C. Dep't of Hous. Pres. and Dev.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of March, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> GUIDO CALABRESI,
> ROSEMARY S. POOLER,
> > *Circuit Judges.*

_____

Rena Susan Sanders,

> *Plaintiff-Appellant,*

> v.                                                                10-4435-cv

New York City Department of Housing
Preservation and Development,
New York City Department of City Wide
Administrative Services, Division of City Wide
Personnel Services.

> *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**     Rena Susan Sanders, *pro se*, Fort Lee, NJ.

**FOR DEFENDANTS-APPELLEES:**     Ronald Emanuel Sternberg, New York City Law
Department, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Rena Susan Sanders, appeals the district court's grant of summary judgment dismissing her employment discrimination complaint, and the district court's denial of her motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Additionally, we review for abuse of discretion a district court order denying reconsideration. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998).

Upon such review, we conclude that Sanders's appeal is without merit substantially for the reasons articulated by the district court in its decision and orders. *See Sanders v. N.Y.C. Dep't of Hous. Pres. and Dev.*, No. 05-cv-08135 (S.D.N.Y. July 28, 2010 and Oct. 8, 2010). Specifically as to the due process claim, the Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Sanders was not deprived of her due process rights, as she had a pre-termination hearing, there was a procedure for reinstatement while she was on her leave of absence, and the defendants provided her with sufficient documentation as to why she had been placed on her leave of absence. *See O'Neill v. City of Auburn*, 23 F.3d 685,

2

688 (2d Cir. 1994).   We have considered all of Sanders's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk